**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

TIMOTHY A. DAY,                 :
                                  Civil Action No. 05-797 (RBK)
        Petitioner,    :

        v.             :   **OPINION**

JOHN NASH, Warden, et al.,      :

        Respondents.   :

**APPEARANCES:**

    Timothy A. Day, Petitioner pro se
    #43134-018
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, NJ 08640

    J. Andrew Ruymann
    Assistant U.S. Attorney
    402 East State Street
    Room 430
    Trenton, NJ 08608
    Counsel for Respondents

**KUGLER**, District Judge

    Petitioner Timothy A. Day, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241.[1]  The respondents are Warden John Nash and the Federal Bureau of Prisons.

## BACKGROUND

Petitioner was convicted in the United States District Court, Middle District of Florida of conspiracy to commit mail fraud and multiple counts of mail fraud, and was sentenced on January 23, 2004 to 121 months imprisonment and three years supervised release.  Petitioner's projected release date is March 4, 2013.

Petitioner argues that he should be considered a "minimum" security inmate, but that because of a sex offender public safety factor ("PSF") assigned to him by the Bureau of Prisons ("BOP"), he has been classified a "low" security inmate.  If he were a minimum security inmate, he would be eligible for placement at a minimum security camp, instead of a prison.

Petitioner argues that Respondents used an arrest from 1992 to assign him the sex offender PSF.  He argues that the incident involved his urinating on a bush while intoxicated, that it was

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

not a sexual offense, and that by successfully completing probation the conviction should not have been entered on his record.  Petitioner contends that labeling him a sex offender violates his Fifth Amendment due process rights and his Fourteenth Amendment right to equal protection.

Respondents argue that the sex offender PSF was properly applied to Petitioner pursuant to Bureau of Prisons Program Statement 5100.07.  An entry in Petitioner's Pre-Sentence Investigation Report ("PSI") indicated that in 1992 he plead guilty to the charge of Exposure of Sexual Organs, a lesser included offense to that which he was originally charged, Lewd and Lascivious Act in Presence of a Child under 16 years old.

Petitioner has exhausted his claims regarding the sex offender PSF through the BOP's administrative remedy program.

## **DISCUSSION**

Pursuant to 18 U.S.C. § 3621(b), the Bureau of Prisons shall designate the place of imprisonment for each prisoner committed to its custody, taking into account, <u>inter</u> <u>alia</u>, "the history and characteristics of the prisoner."  Pursuant to this statutory authority, the BOP has created Program Statement 5100.07 "Security Designation and Custody Classification Manual." Chapter 7 of P.S. 5100.07 addresses Public Safety Factors, "which require increased security measures to ensure the protection of

society." In pertinent part, the criteria for a Sex Offender PSF are as follows:

> **SEX OFFENDER**. A[n] ... inmate whose behavior in the current term of confinement or prior history includes one or more of the following elements ... . <u>A conviction is not required for application of this PSF if the PSI, or other official documentation, clearly indicates the following behavior occurred in the current term of confinement or prior criminal history.</u> If the case was dismissed or nolle prosequi, application of this PSF cannot be entered. However, <u>in the case where an inmate was charged with an offense that included one of the following elements, but as a result of a plea bargain was not convicted, application of this PSF should be entered.</u>
>
> **Example**: According to the PSI, the inmate was specifically described as being involved in a Sexual Assault but pled guilty to Simple Assault. Based on the documented behavior, application of this PSF should be entered.
>
> (3) Any sexual contact with a minor or other person physically or mentally incapable of granting consent . . .
>
> (4) Any sexual act or contact not identified above that is aggressive or abusive in nature . . . .

P.S. 5100.07, September 3, 1999, Chapter 7, p. 2 (emphasis added).

Petitioner's claim that his classification deprives him of liberty without due process, in violation of the Fifth Amendment, is without merit. <u>See</u>, <u>e.g.</u>, <u>Montanye v. Haymes</u>, 427 U.S. 236, 242 (1976) ("As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's

treatment by prison authorities to judicial oversight."); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) ("We have rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right. ... The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system.  Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process."); Sandin v. Conner, 515 U.S. 742, 484 (1996) ("[Liberty interests conferred by government action] will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). See also Wilks v. Mundt, 25 Fed. Appx. 492, 2002 WL 113837 (8th Cir. Jan 30, 2002) (no liberty interest implicated by Sex Offender PSF).

    Further, Petitioner's equal protection claim fails, as he has not demonstrated that he has been treated differently by application of the PSF than any person similarly situated to him. See City of Cleburne v. Cleburne Living Center, 473 U.S. 432 (1985); Williams v. Morton, 343 F.3d 212, 221 (3d Cir. 2003).

Nor is there any abuse of discretion in the BOP's reliance upon the information contained in Petitioner's PSI to impose the Sex Offender PSF on Petitioner, even though the events at issue took place in 1992.  Nothing in the governing statutes, regulations, or Program Statements suggests that the BOP is limited, in determining custody classifications or Public Safety Factors, by criminal conduct of particular recency.  Petitioner has cited this Court to no case law in support of his proposition, and this Court has located none.

Liberally construing the petition, Petitioner contends that reliance on the PSI was an abuse of discretion because the description of the criminal conduct is inaccurate.  Pursuant to P.S. 5100.07, a conviction is not required for application of the Sex Offender PSF if the PSI clearly indicates "[a]ny sexual act or contact ... that is aggressive or abusive in nature," or any "sexual contact with a minor."  Here, Petitioner contends that the 1992 incident did not include acts of a sexual nature.  However, the PSI clearly describes conduct falling within that which PS 5100.07 includes as justifying application of the Sex Offender PSF.  Petitioner has not stated that he objected to the PSI at the time of sentencing, or that the PSI was incorrect.  Thus, it was not an abuse of discretion for the BOP to rely on the PSI in applying the Sex Offender PSF to Petitioner.  Cf. Stafford v. Pratt, 2001 WL 548898 (N.D. Tex. May 22, 2001) (where

PSI states only initial charge of "first degree rape," and subsequent reduction in charge to "contributing to delinquency of a minor," it was abuse of discretion for BOP to conclude that the amendment of the charge established the existence of a plea bargain).

## **CONCLUSION**

For the reasons set forth above, the Petition must be denied.  An appropriate order follows.

S/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: October 12, 2005